```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

ESTATE OF ANDREA YVONNE ARRINGTON,  :
                                    :
        Plaintiff,                  :   CIVIL ACTION
                                    :
    v.                              :
                                    :   NO. 11-cv-4534
OFFICER JOHN MICHAEL and the        :
CITY OF CHESTER,                    :
                                    :
        Defendants.                 :

**MEMORANDUM OF LAW**

**Joyner, C.J.**                                   February    , 2012

Before the Court are Defendants' Motion to Dismiss (ECF No. 6) and Plaintiff's Response in Opposition thereto (ECF No. 8). For the reasons set forth in this Memorandum, Defendants' Motion is DENIED.

## I. BACKGROUND

Aaron Michael, the son of Defendant Officer John Michael, lived with Andrea Yvonne Arrington and their son Aaron Michael, Jr. On July 1, 2009, Arrington contacted the Ridley Township Police Department to report that Aaron Michael was harassing and threatening her. On July 2, 2009, Arrington filed a petition for a protection order and the court issued a temporary protection order. Pursuant to a hearing on July 9, 2009, the local court issued a protection order that, inter alia, evicted Aaron Michael from his Chester, Pennsylvania home, in which he lived with

1

Arrington and their son, and forbade Aaron from possessing, transferring or acquiring firearms.  After his eviction, Aaron Michael went to live with his father, the defendant Officer John Michael.  Despite the mandates in the protection order, Aaron Michael allegedly continued harassing Arrington and a warrant was issued for his arrest on or about July 15, 2009.  Aaron Michael was never apprehended and on July 20, 2009 he used his father's service weapon to shoot Arrington eight to eleven times.  Shortly thereafter, Arrington died and Aaron Michael was killed in a confrontation with the police.

Defendant Officer Michael allegedly knew that the July 2, 2009 and July 9, 2009 protection orders were issued against his son and was aware his son was violating the orders.  Before the July 20, 2009 shooting, Defendant Officer Michael left for a vacation in Florida, leaving his service weapon and ammunition at home where his son resided.  The present action was brought by the Estate of Andrea Arrington by and through Audra L. Thornton Arrington, Administratrix of her Estate ("Plaintiff").  Plaintiff sues Officer Michael under the state created danger doctrine and asserts a *Monell* claim against the City of Chester.

## II.   STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the district court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn

therefrom." Krantz v. Prudential Invs. Fund Mgmt., 305 F.3d 140, 142 (3d Cir. 2002) (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).  In so doing, the courts must consider whether the complaint has alleged enough facts to state a claim to relief that is plausible on its face.  Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Although the Court must accept well-pleaded facts as true, it need not credit "bald assertions" or "legal conclusions."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).

**III. DISCUSSION**

A.  State-Created Danger

Plaintiff brings a claim against Officer Michael under 42 U.S.C. § 1983 for depriving Andrea Arrington of her substantive due process rights pursuant to the Fourteenth Amendment. Plaintiff presents its claim under what the Third Circuit has called the state-created danger theory.  "Individuals have a constitutional liberty interest in personal bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment."  Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008) (citing D.R. v. Middle Bucks Area Vocational

Technical Sch., 972 F.2d 1364, 1368 (3d Cir. 1992)). Generally, the Due Process Clause does not require the state to take affirmative steps to protect its citizens from violence inflicted by private parties. See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 195-96 (1989). However, the state-created danger doctrine serves as a limited exception to the rule. See Phillips, 515 F.3d at 235. The doctrine has four elements:

> (1) the harm ultimately caused to the plaintiff was foreseeable and fairly direct; (2) the state-actor acted in willful disregard for the plaintiff's safety;[1] (3) there was some relationship between the state and the plaintiff; and (4) the state-actor used his authority to create an opportunity for danger that otherwise would not have existed.

Id. (citing Bright v. Westmoreland Cnty., 443 F.3d 276, 281 (3d Cir. 2006)) (footnote omitted). Plaintiff has stated a facially plausible claim of a state-created danger.

Plaintiff contends that Defendant Officer Michael was aware

---

[1] Some cases describe the culpability element as a "degree of culpability that shocks the conscience." Sanford v. Stiles, 456 F.3d 298, 304 (3d Cir. 2006). The Third Circuit has applied three standards depending on the behavior of the state actor and particular circumstances of each case: (1) deliberate indifference, (2) gross negligence and arbitrariness, and (3) intent to cause harm. See id. at 305-06. In cases such as this, where the state actor could engage in actual deliberation and could make unhurried judgments, deliberate indifference is at least required. See id. Defendant Officer Michael's decisions to leave for vacation and store his service weapon and ammunition at home were unhurried and were not formulated in urgent circumstances, such as when a officer responds to a prison riot, see County of Sacramento v. Lewis, 523 U.S. 833, 849-54 (1998), or a social worker seeks to remove children from their mother's custody on suspicion of abuse, see Miller v. City of Philadelphia, 174 F.3d 368, 371, 375-76 (3d Cir. 1999). Therefore, under the present circumstances, if Defendant Officer Michael acted with deliberate indifference to the threat of Plaintiff's harm, his conduct would shock the conscience.

that his son Aaron was subject to a protection order for harassing and threatening to kill Andrea Arrington, was violating that order, and was forbidden from possessing a firearm.  Despite this knowledge, Defendant Officer Michael allegedly left his service weapon unsecured at home with his son and departed for Florida.  Aaron Michael then used his father's service weapon to shoot and kill Andrea Arrington.

*1. Causation*

Plaintiff has sufficiently pled that Arrington's harm was the foreseeable and fairly direct result of state action. Plaintiff must allege "an awareness on the part of the state actors that rises to the level of actual knowledge or an awareness of risk that is sufficiently concrete to put the actors on notice of the harm."  Phillips, 515 F.3d at 238.  In Kneipp v. Tedder, 95 F.3d 1199, 1201 (3d Cir. 1996), a police officer stopped a heavily intoxicated female pedestrian and her husband. The officer released the husband first and later permitted the woman to walk home alone.  Id. at 1202.  The woman was injured when she fell down an embankment and filed a suit alleging a state-created danger.  Id. at 1203.  The court held that the woman's injuries were a foreseeable and direct result of the officer's decision to permit a severely impaired woman walk home alone.  Id. at 1208.

In another state-created danger case, Phillips v. County of

5

Allegheny, 515 F.3d 224, 238-39 (3d Cir. 2008), two 911 operators gave a former employee, whom they allegedly knew was mentally distraught, unauthorized personal information on the whereabouts of his ex-girlfriend and her new lover.  The former employee then used this information to locate the couple and kill them.  Id. at 229.  The court held that, as alleged, the harm was foreseeable and the fairly direct result of the 911 operators' actions.  Id. at 238-39.

   Plaintiff has sufficiently alleged a foreseeable and direct harm.  According to the Amended Complaint, Defendant Officer Michael knew that his son was harassing and threatening Arrington and a court had issued a protection order to protect Arrington form Aaron Michael.  Despite this knowledge, Officer Michael left his firearm and ammunition, ostensibly unsecured and unattended, at his home where his son resided.  Plaintiff has stated a plausible claim that Arrington's death was the foreseeable and direct result of Defendant Officer Michael's actions.

*2. Culpability*

   Plaintiff has sufficiently pled facts that reasonably infer Defendant Officer Michael acted with deliberate indifference to Arrington's safety.  Mere negligence is insufficient to sustain a state-created danger claim, Sanford, 456 F.3d at 311, but Defendant Officer Michael's alleged behavior, if proven true, shows deliberate indifference or a willful disregard for

Arrington's safety.  See, e.g., Kneipp, 95 F.3d at 1208; see also Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 910 n.10 (3d Cir. 1997).  The situation facing Defendant Officer Michael does not suggest any sense of urgency or emergency; the officer conceivably knew he would be taking a vacation and made a conscious choice to store his service weapon at his home and not at the police station.  Taking the facts in the Amended Complaint as true, one could reasonably infer Defendant Officer Michael knew his son posed a grave risk to Arrington's safety but nonetheless chose to leave his son at home with a firearm, indifferent to Arrington's safety.  The officer failed to act appropriately in the face of a known risk.

*3. Relationship with State*

Plaintiff sufficiently pled a relationship with the state.  This requirement "contemplates some contact such that the plaintiff was a foreseeable victim of the defendant's acts in a tort sense."  Phillips, 515 F.3d at 242 (quoting Morse, 132 F.3d at 912).  The relationship "can be 'merely' that the plaintiff was a foreseeable victim . . . ."  Id. (citing Rivas v. City of Passaic, 365 F.3d 181, 202 (3d Cir. 2004)).  As the Court previously discussed, Arrington was the foreseeable victim of Defendant Officer Michael's actions.  He knew his son posed a threat to the safety to Arrington, the very person to be protected under the protection order.  Furthermore, the weapon

7

was a Chester Police Department firearm that the department issued to Officer Michael for the commission of his official duties. Defendant Officer Michael's actions are directly related to Plaintiff.

*4.  Creation of Danger*

Plaintiff sufficiently alleged Defendant Officer Michael took affirmative steps that enhanced the danger to Arrington. The inquiry focuses on whether Defendant Officer Michael used his authority in a way that created a danger or that rendered Arrington more vulnerable to danger than had he not acted at all. See Sanford, 456 F.3d at 311. For example, in Phillips, the act of verbally relaying the plaintiff's confidential personal information to the assailant was sufficient to constitute an affirmative act by the defendants. See Phillips, 515 F.3d at 236; see also Kneipp, 95 F.3d at 1209. In contrast, an officer's failure to act cannot support a claim under the state-created danger theory. See Burella v. City of Philadelphia, 501 F.3d 134, 147-48 (3d Cir. 2007). In the present case, the facts alleged in the Amended Complaint demonstrate that Defendant Officer Michael acted affirmatively to enhance the danger to Arrington. He took his department-issued service weapon and brought it home where Aaron Michael could ascertain it and use it to shoot Arrington. Plaintiff sufficiently alleged a facially plausible claim that Defendant Officer Michael is liable under

the state-created danger theory.

*5. Qualified Immunity*

Defendants contend Plaintiff's claim is barred by Defendant Officer Michael's qualified immunity. Government actors engaged in discretionary conduct are subject to qualified immunity. See Lamont v. New Jersey, 637 F.3d 177, 182 (3d Cir. 2011) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). However, if an officer violates a constitutional right, he is not entitled to qualified immunity if the right was clearly established and "it would have been clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. (citing Saucier v. Katz, 533 U.S. 194, 201-02 (2001)) (alterations omitted). The qualified immunity issue should be addressed "at the earliest possible stage of litigation," Katz, 533 U.S. at 201 (quoting Hunter v. Bryant, 502 U.S. 224, 227 (1991)); it is "an entitlement not to stand trial or face the other burdens of litigation," id. at 200 (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).

Defendant Officer Michael's alleged actions, assuming they are true, violated a clearly established right. According to the Amended Complaint, Officer Michael knew his son was threatening Andrea Arrington, knew his son was ordered by the court to stay away from her and knew his son was violating that order by continuing to threaten Arrington. In light of these

circumstances, Officer Michael chose to store his service weapon and ammunition at home with his son, unattended.  A reasonable officer would know these actions were unlawful.

It is clearly established that an officer is liable under the state-created danger doctrine when the officer is aware of the risk of grave harm and is responsible, at least in part, for creating that risk.  See Rivas v. City of Passaic, 365 F.3d 181, 200 (3d Cir. 2004); see also United States v. Lanier, 520 U.S. 259, 271 (1997) ("[A] general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question, even though the very action in question has [not] previously been held unlawful." (internal quotation marks omitted)).  Preexisting case law, such as those cases discussed previously, clearly establishes the state-created danger theory and put Officer Michael on notice that his alleged conduct was unlawful.  See, e.g., Phillips, 515 F.3d 224; Kneipp, 95 F.3d 1199; see also Armijo v. Wagon Mound Pub. Sch., 159 F.3d 1253 (10th Cir. 1998).  Defendants' motion to dismiss Plaintiff's claim is denied.

B.  Monell Liability

Plaintiff states a *Monell* claim for municipal liability against the City of Chester.  In essence, Plaintiff alleges the city failed to adequately train, monitor and supervise its police officers and lacked sufficient policies and procedures regarding

the proper storage of service weapons and how to handle encounters with family members who may be subject to protection orders or post-conviction state supervision.  (See Am. Compl. ¶ 39.)

A municipality may be found liable where the allegedly unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  Such actions can take two forms: an official policy or a custom or usage.  Id. at 691. "Although not authorized by written law, [] practices of state officials could well be so permanent and well settled as to constitute a 'custom or usage' with the force of law."  Id. (citation omitted).  Inadequate police training may be the basis for a § 1983 suit if the deficient training amounts to "deliberate indifference" to the rights of the person aggrieved. See City of Canton v. Harris, 489 U.S. 378, 388 (1989).

Plaintiff has stated a facially plausible *Monell* claim that, at least for the purposes of a motion to dismiss, must be allowed to stand.  The factual support for the allegations is thin but not altogether unusual for a case in its infancy.  See, e.g., Oswald v. Gibbons, Civ. No. 10-6093, 2011 WL 2135619, at *5 (E.D. Pa. May 31, 2011); Hall v. Raech, Civ. No. 08-5020, 2009 WL 811503 (E.D. Pa. Mar. 25, 2009). From the facts alleged, one can

11

reasonably infer that the city failed to train its officers on the safe and secure storage of service weapons and that the city was deliberately indifferent to the problem.  Defendant Officer Michael's alleged actions suggest the City of Chester had inadequate policies and procedures to assist officers facing conflicting familial and official duties.  Defendants cite to numerous cases in support of their argument to dismiss the *Monell* claim, however, many of those cases were decided upon motions for summary judgment or for judgment as a matter of law--not upon motions to dismiss.  *Monell* claims are not subject to a heightened pleading requirement.  See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993).  Plaintiff's claim conforms to Rule 8 of the Federal Rules of Civil Procedure and may not be dismissed.[2]

**IV. CONCLUSION**

For the reasons so stated, Defendants' Motion to Dismiss is denied.

---

[2] Defendants alternatively request Plaintiff include a more definite statement of facts in its pleading.  See Fed. R. Civ. P. 12(e).  In light of the Court's finding that Plaintiff's claims are facially plausible and sufficiently pled, that request is denied.